Erick T. PEOPLES, Plaintiff–
Appellant,

v.

ESTATE OF Harold F. WEAVER;
County of Saginaw, Defendants–
Appellees.

No. 00–1815.

United States Court of Appeals,
Sixth Circuit.

March 7, 2001.

Before KEITH, SILER, and CLAY,
Circuit Judges.

Erick T. Peoples, also known as E. Tyrone Collins, appeals pro se from a district court judgment that dismissed his civil rights action, filed under 42 U.S.C. §§ 1983 and 1985. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Peoples alleged: 1) that a judge in Saginaw County, Michigan, had allowed defendant Weaver to adopt him as a "slave child"; and 2) that he had been forced to serve as Weaver's slave child from 1972 through 1986. The district court dismissed the case on June 28, 2000, because Peoples had not raised a cognizable civil rights claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A *de novo* review of the record shows that dismissal was appropriate because the conclusory allegations in the complaint did not provide a sufficient basis for finding that either of the defendants were liable for a violation of Peoples's civil rights. Peoples did not allege that defen-

dant Weaver had been a state actor who might be liable under §§ 1983 and 1985. *See Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir.1998). Moreover, he did not allege that the county had a custom or policy of sanctioning the adoption of children into slavery. *See Sargi v. Kent City Bd. of Educ.,* 70 F.3d 907, 911–12 (6th Cir.1995). The district court also properly dismissed any claims that Peoples might have had under state law for lack of supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Peoples now argues that the district judge was biased, but he has not cited any extrajudicial conduct to support this contention and there is no suggestion of bias in the record. He also argues that the unavailability of a conspiracy claim under § 1985 does not preclude such a claim under § 1983. However, the dismissal of this case was not based on his failure to prove a conspiracy. We have examined Peoples's remaining arguments, and they are likewise lacking in merit.

■ Finally, we note that Peoples is no longer eligible for pauper status under 28 U.S.C. § 1915(g), as he is a prisoner who has filed at least three civil actions that were dismissed because they were frivolous, malicious, or failed to raise a cognizable claim. *See, e.g., Peoples v. United States,* No. 99–2432, 2000 WL 1478353 (6th Cir. Sept. 27, 2000) (unpublished); *Peoples v. Reno,* No. 00–1086, 2000 WL 1477502 (6th Cir. Sept. 26, 2000) (unpublished); *Collins v. Quarles,* No. 89–2174, 1990 WL 80924 (6th Cir. June 14, 1990) (unpublished).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.